ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

NIKHIL BHAGAT (CABN 279892)
Assistant United States Attorney

> 450 Golden Gate Avenue, Box 36055
> San Francisco, California 94102-3495
> Telephone: (415) 436-7193
> FAX: (415) 436-6982
> nikhil.bhagat@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:24-MJ-71433 |
| Plaintiff, | |
| v. | [~~PROPOSED~~] **ORDER OF DETENTION PENDING TRIAL** |
| BRAYAN ADONY LOPEZ-CRUZ, | |
| Defendant. | |

Defendant Brayan Adony Lopez-Cruz stands charged by Criminal Complaint with Conspiracy to Possess with Intent to Distribute a Controlled Substance (specifically, heroin), in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1). Because Mr. Lopez-Cruz is charged with a violation of the Controlled Substances Act for which the maximum term of imprisonment is ten years or more, there exists a rebuttable presumption that no condition of combination of conditions will reasonably assure his appearance as required or the safety of the community. *See* 18 U.S.C. § 3142(e)(3).

The United States moved for the defendant's detention pending trial, contending that there was no release condition or set of release conditions that could reasonably assure the defendant's appearance as required or the safety of any other person and the community.

1    On November 21, 2024, the Court held a detention hearing. At the hearing, counsel for the
2 defendant and counsel for the Government submitted proffers and argument on the issue of detention and
3 what conditions, if any, would reasonably assure the appearance of the defendant as required and the
4 safety of the community.  The Court has considered those proffers and arguments, the pretrial services
5 report ("bail study"), and Criminal Complaint, and the record in this case.

6    This written order supplements the Court's findings and oral order at the detention hearing and
7 serves as written findings of fact and a statement of reasons as required by Title 18, United States Code,
8 Section 3142(i)(1).

9    In addition to those findings made on the record, the Court adopts the factual findings set forth in
10 the bail study and also finds the following:

11    (1)   the nature of the offense with which the defendant stands charged gives rise to a rebuttable
12 presumption that no condition or combination of conditions will reasonably assure his appearance or the
13 safety of the community, *see* 18 U.S.C. § 3142(e)(3);

14    (2)   the defendant is a citizen of Honduras who has strong ties there, including a residence and
15 significant family ties;

16    (3)   the defendant has no stable residence in the Northern District of California;

17    (4)   the defendant has a limited employment history in the Northern District of California;

18    (5)   the defendant faces a potentially significant sentence if convicted of the charge he faces.

19    In short, the defendant has an incentive to flee, he has a place to go where he has a residence and
20 family members, and there is very little keeping him here.  In light of the foregoing findings, the
21 Government has shown by a preponderance of the evidence that no condition or combination of conditions
22 of release will reasonably assure the defendant's appearance as required.

23    For these reasons, pursuant to Title 18, United States Code, Section 3142(i),

24    IT IS HEREBY ORDERED that the defendant is remanded to the custody of the Attorney General
25 or to the Attorney General's designated representative for confinement in a corrections facility separate,
26 to the extent practicable, from persons awaiting or serving sentences or being held in custody pending
27 appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense
28 counsel. On order of a court of the United States or on request of an attorney for the Government, the

person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED this 22nd day of November, 2024.

_____
THE HONORABLE THOMAS S. HIXSON
UNITED STATES MAGISTRATE JUDGE